1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **EASTERN DISTRICT OF CALIFORNIA**

7

8

9

10

11 SUKHDEV SINGH,                                    ) Case No.: 1:25-cv-02036-JLT-SKO (HC)
                                                     )
12            Petitioner,                            ) FINDINGS AND RECOMMENDATION TO
                                                     ) SUMMARILY DISMISS PETITION
13      v.                                           )
                                                     )
14                                                   )
   WARDEN OF THE GOLDEN STATE                        )
15 ANNEX DETENTION FACILITY, et al.,                 )
                                                     )
16            Respondents.                           )
                                                     )
17 _____)

18

19          Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas

20 corpus pursuant to 28 U.S.C. § 2241.

21          Petitioner filed the instant petition on December 9, 2025. (Doc. 1.)  Petitioner challenges his

22 continued detention by the Bureau of Immigration and Customs Enforcement ("ICE").  He claims his

23 prolonged detention without a bond hearing violates his procedural due process rights under the Fifth

24 Amendment.  He claims he should be immediately released, or alternatively, provided a bond hearing

25 before an immigration judge ("IJ") at which the Government must justify his continued detention by

26 clear and convincing evidence.

27          For the reasons discussed below, the Court will recommend the petition be dismissed without

28 prejudice.

1

**I.     BACKGROUND**

Petitioner is an immigration detainee who was detained and placed in custody by the Department of Homeland Security ("DHS") on August 26, 2025. (Doc. 1 at 5.) He states he is currently in removal proceedings. (Doc. 1 at 4.)

**II.     DISCUSSION**

A.  Summary Dismissal

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The provisions of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B.  Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) (citing Singh v. Holder, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention. See Demore v. Kim, 538 U.S. 510, 517 (2003).

C.  Petitioner's Detention is not Unreasonably Prolonged

The Fifth Amendment's Due Process Clause provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings," Reno v. Flores, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional

2

1   problem," <u>Zadvydas v. Davis</u>, 533 U.S. 678, 690 (2001). The Supreme Court nevertheless has

2   recognized that "[d]etention during deportation proceedings is a constitutionally permissible part of

3   [the deportation] process." <u>Demore v. Kim</u>, 538 U.S. 510, 531 (2003); <u>see also</u> <u>Carlson v. Landon</u>, 342

4   U.S. 524, 538 (1952) ("[d]etention is necessarily a part of this deportation procedure").

5         Petitioner states he has been in continuous detention since approximately August 26, 2025. He

6   complains the approximately 4-month period is prolonged and indefinite, and he should be given a

7   bond hearing, or in the alternative, released from custody.  Petitioner's 4-month period of detention to

8   date does not qualify as unreasonably prolonged.

9         In <u>Zadvydas v. Davis</u>, the Supreme Court held that a detention period less than six months is

10  presumptively reasonable as to aliens detained pursuant to 8 U.S.C. § 1226(a)(6). 533 U.S. 678 (2001).

11  Beyond that six-month period, the alien must "provide[] good reason to believe that there is no

12  significant likelihood of removal in the reasonably foreseeable future." <u>Id</u>. at 701. As to aliens

13  detained pursuant to 8 U.S.C. §§ 1225(b)(1) and (b)(2), the Supreme Court has held that no such 6-

14  month time limit is proscribed, whether implicit or explicit. <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 300-

15  01 (2018). In <u>Demore v. Kim</u>, the Supreme Court noted that shorter detention periods during removal

16  proceedings lasting roughly between a month and a half to five months are a "constitutionally

17  permissible part of [the removal] process." 538 U.S. 510, 530 (2003).

18        Several circuit and district courts have found that unreasonably long detention periods with no

19  allowance for a bond hearing may violate the due process clause. <u>See</u>, <u>e.g.</u>, <u>Rodriguez v. Marin</u>

20  ("<u>Rodriguez IV</u>"), 909 F.3d 252, 256 (9th Cir. 2018) (the Ninth Circuit asserted "grave doubts that any

21  statute that allows for arbitrary prolonged detention without any process is constitutional...."); <u>Diop v.</u>

22  <u>ICE/Homeland Sec.</u>, 656 F.3d 221, 235 (3d Cir. 2011) (detention of an alien for a period of nearly

23  three years without further inquiry into whether it was necessary to ensure his appearance at the

24  removal proceedings or to prevent a risk of danger to the community, was unreasonable, and,

25  therefore, a violation of the Due Process Clause"); <u>German Santos v. Warden Pike</u>, 965 F.3d 203 (3d

26  Cir. 2020) (reversing and remanding to district court to order bond hearing while detained under §

27  1226(c)); <u>Diep v. Wofford</u>, 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal Feb. 25, 2025) (ordering

28  bond hearing for noncitizen detained under 8 U.S.C. § 1226(c) for 13 months); <u>A.E. v. Andrews</u>, 1:25-

cv-00107-KES-SKO, 2025 WL 1424382 (E.D. Cal. May 16, 2025) (ordering bond hearing for noncitizen detained under 8 U.S.C. § 1225(b) for 20 months). However, these cases involved detention periods substantially longer than 6 months. Here, Petitioner's shorter detention period of just over 4 months is well within the 6-month presumptively reasonable period contemplated in <u>Zadvydas</u> and does not implicate those constitutional concerns. <u>See</u>, <u>e.g.</u>, <u>De Oliveira Viegas v. Green</u>, 370 F. Supp. 3d 443, 448–49 (D.N.J. 2019) ("As a general matter, courts in this District have found detention for a year, or just over a year, insufficient to support an as-applied challenge to a § 1226(c) detention post-<u>Jennings</u>."); <u>Muse v. Sessions</u>, 2018 WL 4466052, at *4 (D. Minn. Sept. 18, 2018) (collecting cases re: the same) ("[a]s detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing").

The Court finds that Petitioner's relatively short detention period does not qualify as unreasonably prolonged as to violate his Fifth Amendment due process rights. The Court notes that Petitioner's continued detention may violate due process at some point in the future. At this point, however, the Court finds that Petitioner fails to demonstrate that in his case his 4-month detention without a bond hearing constitutes a violation of due process. As previously noted, the Supreme Court has held that "[d]etention during deportation proceedings is a constitutionally permissible part of [the deportation] process." <u>Demore</u>, 538 U.S. at 531.

## RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. <u>Id</u>. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party

should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **January 9, 2026**                    /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE