**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUKHDEV SINGH, | No. 1:25-cv-02036 JLT SKO (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART; DISMISSING PROLONGED DETENTION CLAIM; APPOINTING COUNSEL; REFERRING MATTER BACK TO MAGISTRATE JUDGE; SETTING BRIEFING SCHEDULE; PRECLUDING REMOVAL OR TRANSFER UNTIL FURTHER COURT ORDER |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | |
| Respondents. | |
| | (Doc. 3) |

Petitioner Sukhdev Singh is an immigration detainee proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 9, 2026, the assigned magistrate judge issued findings and recommendations to summarily dismiss the petition. (Doc. 3.) The magistrate judge construed the Petition as only advancing an unreasonably prolonged detention claim. (*Id*. at 4–5.) So construed, the magistrate judge concluded Petitioner's detention for approximately four months without a bond hearing did not constitute a violation of due process. (*Id*.)

The Court served the findings and recommendations on Petitioner and informed him that

1

objections were due within 21 days. (Id. at 4.) The Court also warned him that "failure to file objections within the specified time may result in the waiver of rights on appeal. (*Id.* at 5, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner did not timely file any objections and the time to do so has expired.

According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a de novo review of the case. Having reviewed the entire record, the Court concludes that the findings and recommendations correctly found that the prolonged detention claim is without merit at this time because it is premature. However, given that this Court must liberally construe pro se filings, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the Court finds that the Petition also appears to be asserting a due process claim related to the lawfulness of his re-detention after he had been released on some form of parole. (*See* Doc. 1 at 5.) Among other things, he claims to have no criminal history, to have attended all hearings in his ongoing immigration case, and to have been given a notice to appear at a hearing on September 18, 2025, the day he was detained. That said, the Petition lacks detail on any of these points and does not present the legal issues with clarity. Thus, the Court finds it appropriate to appoint counsel to aid Petitioner in presentation of any such claim. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on January 9, 2026 (Doc. 3), are **ADOPTED IN PART.**

2. The prolonged detention claim in the petition is **DISMISSED**.

3. Within 7 days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel, who shall enter an appearance in this matter. To effectuate this appointment, the Clerk of Court is directed to serve a copy of the petition, via email, on the Federal Defender's Office.

4. In addition, the Court sets the following briefing schedule, which may be modified by the magistrate judge or by stipulation of the parties as needed:

   a. Respondents **SHALL** file their responsive pleading within 30 days. Therein, Respondents **SHALL** provide copies of any portions of Petitioner's A-File or related supervision records Respondents rely upon.

b.     Petitioner may file a traverse no later than 15 days after Respondents file their brief.

5.     In the meantime, unless and until the Court orders otherwise, the Court **ORDERS** that Respondents **shall not remove Petitioner from the United States nor transfer Petitioner out of this District**. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction"). Given the exigent circumstances, the Court finds that this order is warranted to maintain the status quo pending the hearing and any subsequent order and finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief.

6.     In addition, the Court refers the matter back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **February 9, 2026**

UNITED STATES DISTRICT JUDGE

3